IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| QUEEN ESTHER GREEN, | ) | |
| | ) | Case No. 14 C 5598 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Honorable John Robert Blakey |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Queen Esther Green, sued her former employer, the City of Chicago, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964. The City has moved to dismiss [15] pursuant to Federal Rule of Civil Procedure 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits." *Taylor v. City of Chicago*, No. 14 C 737, --- F.Supp.3d ---, 2015 WL 739414, at *3 (N.D. Ill. Feb. 19, 2015)(citing Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990)). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the operative complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts and drawing all reasonable inferences in her favor. *E.g., Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013)(citing Fed. R. Civ. P. 12(b)(6); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, the complaint must "allege facts sufficient 'to raise a right to relief above the speculative level.'" *Frebes v. Mask Restaurants, LLC*, No. 13 C 3473, 2013 WL 5290051, at *2 (N.D. Ill. Sept. 18, 2013)(quoting *Twombly*, 550 U.S. at 555).

Here, the City argues that Green's claim is time-barred. "In Illinois, a complainant must file a charge with the [Equal Employment Opportunity Commission] within 300 days of the alleged discriminatory act and failure to do so renders the charge untimely." *Martin v. F.E. Moran Inc.*, No. 13 C 3526, 2014 WL 5421021, at *3 (N.D. Ill. Oct. 24, 2014)(quoting *Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009); *Filipovic v. K & R Express Systems, Inc.*, 176 F.3d 390, 395 (7th Cir. 1999)). Green filed her charge of discrimination on March 24, 2014.[1] *See* Motion to Dismiss, Exhibit B [15-2]. The Court must, therefore, determine whether Green has alleged any acts of discrimination that fall within the 300-day period immediately preceding March 24, 2014.

In her complaint, Green alleged that she was "laid off in 2009 of July" and "was told I had no bumping rights and I couldn't go to a lower grade." Complaint

---

[1] Plaintiff's complaint did not include a copy of her EEOC charge or her right-to-sue letter. However, the City attached a copy of the charge to its motion to dismiss [15], and it is, therefore, properly before the Court. *See, e.g., Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013)(Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice.").

[7], ¶13.  No other time period is pled in the complaint.  July of 2009, however, is well outside the 300-day window.

The Court also considers Green's charge of discrimination.  There, Green alleged that:

> [i]n or around July 15, 2009, I was laid off from employment with Respondent.  In 2011, I was offered but I declined a position of re-employment.  I have continued applying for positions and I have not been offered employment.  I believe I have been discriminated against because of retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.*  The dates specified here - 2009 and 2011 - like the date in the complaint, show that Green's charge was filed too late.

But there is one slight wrinkle here that appears to have saved Green's complaint from being summarily dismissed when the City's motion was first presented.  The form Green filled out when she filed her charge includes a box that asks the complainant to indicate the "Date(s) Discrimination Took Place."  Under the heading of "latest," the charge reads "06-10-2013." *See* Charge of Discrimination (attached as Exhibit B to the City's Motion to Dismiss) [15-2], p.7.  That date, which is not explained or otherwise mentioned in the charge or the complaint, would fall within the 300-day limitation period.  Thus, a charge based upon conduct that occurred on June 6, 2013 may be timely.

Recognizing the possibility that a charge based on conduct within the relevant time period could be timely, the Court gave Green two opportunities to amend her complaint.  The first opportunity, spelled out in an Order dated December 17, 2014 [17], gave Green until January 13, 2015 to file an amended

complaint. She did not do so. The second opportunity, spelled out in an Order dated February 17, 2015 [23], gave Green until February 27, 2015 to file an amended complaint. The latter Order also advised Green that if she failed to file an amended complaint by the 27th, the Court would rule on the motion to dismiss. To date, Green has not filed an amended complaint and the Court must therefore address the City's motion in the context of the original complaint.

Green's allegations, including those in her charge and her complaint, demonstrate that her charge was filed too late. Although the inclusion of the June 10, 2013 date in the charge itself could, in theory, could give rise to a claim for relief, Green has not alleged any facts to support that theory and has not described any act of discrimination within the 300-day period. She has not, in short, "nudged [her claim] across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 570. Green's allegation of a discriminatory act occurring on June 10, 2013 is asserted in a conclusory fashion in the charge alone; it does not appear in her complaint. The charge does not describe any act of discrimination that occurred on that date; it does, consistent with the complaint, identify discrete acts of discrimination, all occurring outside the 300-day window.

Although there is a possible exception to the 300-day rule for continuing violations, *e.g., Filipovic*, 176 F.3d at 396, Green did not check the "continuing violation" box on the charge of discrimination form and has given no other indication that she is claiming a continuing violation. On the contrary, she has

4

consistently alleged the kind of discrete acts that undermine a continuing violation claim.

In short, if Green experienced a specific act of discrimination on June 10, 2013 (or any time within the 300 days preceding the filing of her charge of discrimination), she should have alleged that in an amended complaint. She has not. Accordingly, the Court finds that Green's EEOC charge was untimely and that her claim here is foreclosed.

## CONCLUSION

For the reasons explained above, the City of Chicago's motion to dismiss [15] is granted, and the case is dismissed. The dismissal is, at this time, without prejudice. Because Green is proceeding *pro se*, the Court will give her one last opportunity to amend her complaint to cure the deficiency noted above by alleging (if she can, consistent with Federal Rule of Civil Procedure 11) a specific act of discrimination that occurred on June 10, 2013 (or any other time within the 300 days preceding the filing of her charge of discrimination on March 14, 2014). If Green fails to file an amended complaint by March 27, 2015, the dismissal will become one with prejudice without further order of this Court.

Dated: March 11, 2015

Entered:

_____
John Robert Blakey
United States District Judge